IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
| --- | --- | --- |
| | ) | **ORDER DISMISSING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR HABEAS RELIEF** |
| | ) | |
| vs. | ) | Case No. 1:13-cr-129 |
| | ) | |
| Brock Fay Fish, | ) | |
| | ) | |
| Defendant. | ) | |

| Brock Fay Fish, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-cv-220 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's "Motion to Vacate under 28 U.S.C. § 2255" filed on October 8, 2019. See Doc. No. 630. For the reasons set forth below, the motion is dismissed.

I.  **BACKGROUND**

On July 16, 2013, Fish was charged by way of indictment with one count of conspiracy to possess with intent to distribute and distribute controlled substances resulting in serious bodily injury or death, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; two counts of possession of a controlled substance with intent to distribute and distribution resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and three counts of possession of a controlled substance with intent to distribute within a school zone, in violation of 21 U.S.C. §§ 841(a)(1), 860, and 18 U.S.C. § 2. See Doc. No. 1. On July 10, 2014, Fish pled guilty, pursuant to a written plea

agreement, to an information charging one count of conspiracy to possess with intent to distribute and distribute a controlled substance in violation 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. See Doc. Nos. 285, 305, and 307. On September 2, 2015, the Court sentenced Fish to 240 months imprisonment with credit for time served. See Doc. No. 577. Fish did not appeal.

On September 6, 2016, Fish filed his first Section 2255 motion. See Doc. No. 574. On September 5, 2017, the Court denied the motion. See Doc. No. 605. Fish appealed. The Eighth Circuit Court of Appeals appointed counsel to represent Fish on his appeal of the denial of his Section 2255 motion. See Doc. Nos. 611 and 612. On January 15, 2019, the Eighth Circuit affirmed the denial of his Section 2255 motion. See Doc. No. 613. On October 7, 2019, the United States Supreme denied his application for a writ of certiorari. See Fish v. United States, No. 19-5469 (Oct. 7, 2019).

Now before the Court is Fish's second Section 2255 motion filed on October 8, 2019. See Doc. No. 630. In his latest Section 2255 motion, Fish contends he received ineffective assistance of appellate counsel in relation to his appeal of the denial of his first Section 2255 motion.

## II. LEGAL ANALYSIS

The Court has reviewed the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings. This is the second Section 2255 motion the Defendant has filed and, thus, the motion is clearly successive. Before a second or successive Section 2255 motion may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. 28 U.S.C. §§ 2244(3) and 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005). If a federal inmate files a

successive Section 2255 motion, the district court may either dismiss the motion for failure to obtain the required authorization or transfer the motion to the court of appeals. Id. The record reveals the Defendant has not sought authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under Section 2255 and, thus, dismissal is appropriate.

Fish's contention that his second Section 2255 motion is not successive because his first Section 2255 motion is still pending is not persuasive. Motions to amend must be filed before the district court renders judgment on the initial petition. See United States v. Sellner, 773 F.3d 927, 931-32 (8th Cir. 2014) (holding that when a petitioner files a second 2255 motion while the first 2255 motion is still pending before the district court, the second motion is not successive and should be treated as a motion to amend). This Court denied his first Section 2255 motion on September 5, 2017. The Supreme Court denied his petition for a writ of certiorari on October 7, 2019. The matter is final. Furthermore, there is no Sixth Amendment right to counsel in a Section 2255 proceeding and thus there is no constitutional right to effective assistance of counsel in relation to an appeal taken from the denial of a Section 2255 motion. See Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

### III. CONCLUSION

After carefully reviewing the entire record and the relevant law, the Court finds that the Defendant's motion is a second or successive motion under 28 U.S.C. § 2255, filed without first obtaining authorization from the Eighth Circuit Court of Appeals under 28 U.S.C. § 2255(h). Accordingly, the Court issues the following **ORDER**:

1) Fish's motion (Doc. No. 630) is **DISMISSED**.

2)  The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3)  Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2019.

>*/s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court