IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO REDUCE SENTENCE** |
| vs. ) | |
| ) | |
| Brock Fay Fish, ) | Case No. 1:13-cr-129 |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on July 19, 2024. See Doc. No. 706. The Government filed a response in opposition to the motion on July 31, 2024. See Doc. No. 708. The Defendant filed a reply brief on September 9, 2024. See Doc. No. 709. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

On July 16, 2013, Fish was charged by way of indictment with one count of conspiracy to possess with intent to distribute and distribute controlled substances resulting in serious bodily injury or death, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; two counts of possession of a controlled substance with intent to distribute and distribution resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2; and three counts of possession of a controlled substance with intent to distribute within a school zone, in violation of 21 U.S.C. §§ 841(a)(1), 860, and 18 U.S.C. § 2. See Doc. No. 1. On July 10, 2014, Fish pled guilty, pursuant to a written plea agreement, to an information charging one count of conspiracy to possess with intent to distribute and distribute a controlled substance in violation 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. See Doc. Nos. 285, 305, and 307.

1

The plea agreement explained that the offense carried a maximum of life imprisonment and a mandatory minimum of 10 years imprisonment. See Doc. No. 285, ¶ 7. The parties were free to argue for any sentence. See Doc. No. 285, ¶ 13. Fish acknowledged in the plea agreement that the conspiracy involved more than 15 kilograms of methamphetamine and the methamphetamine he sold resulted in serious bodily injury to two individuals. See Doc. No. 285, ¶ 6. The plea agreement did not contain an agreed upon base offense level.

At the change of plea hearing held on July 10, 2014, the Government explained to the Court that there would be no substantial assistance motion because the "defendant was not inclined to cooperate with our investigation." See Doc. No. 317, p. 7. There were also potentially disputed enhancements for leadership role and physical injury. See Doc. No. 317, p. 5. The parties advised they would wait until they received the Presentence Investigation Report ("PSR") to try and resolve the disputed enhancements. See Doc. No. 317, pp. 7-8. It was generally agreed that the base offense level would be 38. See Doc. No. 317, pp. 5, 7, 11, 15, 38.

The PSR was filed on December 9, 2014. See Doc. No. 449. The PSR calculated a base offense level of 38 with a 4-level upward adjustment for a leadership role in the conspiracy, resulting in an adjusted offense level of 42. See Doc. No. 449, ¶¶ 13, 16, and 18. After a 3-level reduction for acceptance of responsibility, the total offense level was 39. See Doc. No. 449, ¶ 22. Fish's limited criminal history put him in category I. See Doc. No. 449, ¶ 28. The resulting advisory Sentencing Guideline range was 262-327 months. See Doc. No. 449, ¶ 70. Fish objected to the four-level leadership role enhancement and argued the base offense level should have been 36, but these objections were rejected by the probation officer who wrote the PSR. See Doc. No. 449, p. 19.

On March 27, 2015, a Second Plea Agreement Supplement was filed wherein the parties agreed that: (1) the PSR accurately calculated an advisory Sentencing Guideline range of 262-327

months; (2) the Government would not seek an upward departure from the Sentencing Guideline range for multiple victims or physical injury; and (3) despite the Government's earlier position that there would be no substantial assistance motion, Fish would be given another opportunity to cooperate and potentially earn a substantial assistance motion from the Government. See Doc. No. 493. The Second Plea Agreement Supplement was signed by Fish and defense counsel on March 11, 2015. The prosecutor signed on March 25, 2015. Fish met with law enforcement officials for a proffer interview on March 17, 2015. Defense counsel attended the interview.

Both parties filed sentencing memorandums prior to sentencing. See Doc. Nos. 537-2 and 540. The Government recommended a low-end Sentencing Guideline sentence of 262-months imprisonment. See Doc. No. 540. The Government further stated that a substantial assistance motion would not be filed because the information Fish provided was not deemed valuable by the Government. In addition, after proffering information and while on release pending sentencing, Fish violated portions of the Second Plea Agreement Supplement by getting arrested and charged in state court for the felony offenses of possession of methamphetamine and possession of drug paraphernalia. Fish also tested positive for methamphetamine and marijuana. Fish argued in his sentencing memorandum that the information he provided to the Government was valuable and the Government should honor its agreement and file a substantial assistance motion. He also argued the base offense level should be 36 and that his role in the conspiracy did not warrant a 4-level enhancement. Fish recommended a 120-month sentence.

At the sentencing hearing held on September 2, 2015, the Court accepted the PSR without change producing an advisory Sentencing Guideline range of 262-327 months. See Doc. No. 577, p. 35. Giving some consideration to Fish's age, his lack of criminal history, and some level of cooperation provided, the Court granted a slight variance and sentenced Fish to 240-months

imprisonment with credit for time served. See Doc. No. 577, p. 36. Fish did not appeal.

On September 6, 2016, Fish filed a Section 2255 motion. See Doc. No. 574. One of six grounds raised was that a sentence enhancement for causing bodily harm was misapplied, resulting in an erroneous base offense level calculation. The Court denied the motion on September 5, 2017. See Doc. No. 605. Fish applied for a certificate of appealability to the Eighth Circuit Court of Appeals but was only allowed to appeal an issue not briefed by either party and the Court's ruling was ultimately affirmed. See Doc. No. 613. On October 8, 2019, Fish filed his second pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Doc. No. 630. Fish again raised issues of ineffective assistance of counsel related to the issues raised in his first Section 2255 motion. The Court also denied the motion and refused to grant a certificate of appealability on October 18, 2019. See (Doc. No. 633. Fish again applied to the Eighth Circuit for a certificate of appealability. See Doc. No. 635. On May 6, 2020, the Eighth Circuit denied the application, dismissed the appeal, and denied the rest of Fish's motions as moot. See Doc. No. 640.

On September 19, 2024, the Defendant filed a motion seeking early or compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing the misapplication of U.S.S.G. § 2D1.1(a)(2) and the failure of the Bureau of Prisons ("BOP") to give proper credit for time served prior to the imposition of sentence as "extraordinary and compelling" reasons for a sentence reduction. See Doc. No. 706. The Government opposes the motion. See Doc. No. 708. The Defendant filed a reply brief in support of his motion on September 9, 2024. See Doc. No. 709. The Defendant is serving his sentence at FCI Ashland in Ashland, Kentucky. His presumptive release date is February 3, 2032.

II.   **LEGAL DISCUSSION**

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two

circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, it is undisputed the Defendant has exhausted his administrative remedies. See Doc. Nos. 708-1 and 708-2.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the First Step Act was signed into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or

supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> **(1)**   **(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.
>
> **(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> **(1) Medical Circumstances of the Defendant**.--
>
> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a

specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is–

**(i)** suffering from a serious physical or medical condition,

**(ii)** suffering from a serious functional or cognitive impairment, or

**(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

**(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

**(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together

with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A)

is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

Fish's primary contention is that the base offense level was incorrectly calculated as 38 under U.S.S.G. Section 2D1.1(a)(2) and should have been 36 instead. This issue was adjudicated in Fish's first Section 2255 motion and it is not entitled to further consideration because no new supporting evidence has been presented. See Ashe v. Swenson, 397 U.S. 436, 443-44 (1970) (holding that collateral estoppel applies in both civil and criminal proceedings); United States v. Rosenberger, 872 F.2d 240, 242 (8th Cir. 1989) (holding that the doctrine of collateral estoppel prevents a defendant from rearguing assertions made in a prior action unless there is new evidence or changed circumstances). This Court and the Eighth Circuit Court of Appeals both denied relief on this issue, and neither 18 U.S.C. § 3582(c)(1)(A) nor U.S.S.G. § 1B1.13 provide for this kind of alleged error to qualify as an extraordinary and compelling reason for compassionate release. Therefore, a sentence reduction is not warranted on this basis.

In addition, the defense raised this objection to the PSR prior to sentencing and the objection was rejected. See Doc. No. 449, p. 19. The PSR noted the base offense level would still be 38 given the large amount of methamphetamine (more than 15 kg) attributed to the conspiracy. See Doc. No. 449, p. 7 n. 1. The parties stipulated to the application of U.S.S.G. Section 2D1.1(a)(2) and the correct Sentencing Guideline range being 262-327 months and did so several months after the PSR was filed. See Doc. No. 493. Even were the Court to agree with Fish that the Sentencing Guideline range should have been 210-262 months rather than 262-327 months, the Court would impose the same 240-month sentence given all the relevant factors in the case and the advisory nature of the Sentencing Guidelines.

As for Fish's second argument that the BOP has failed to given him proper credit for time

spent in state custody while awaiting sentencing in federal court, that argument fails as well. The Court in its judgment stated that Fish was to receive "credit for time served." See Doc. No. 543, p. 2. The BOP makes such determinations and it was the intention of the Court that it do so in this case. The BOP has the ultimate authority to determine when a federal sentence begins. United States v. Hayes, 535 F.3d 907, 910 (8th Cir. 2008) United States v. Wilson, 503 U.S. 329, 335 (1992). While the sentencing judge can make recommendations, the BOP is responsible for computing a defendant's sentence credit after he has begun serving his sentence. Hayes, 535 F,3d at 910; United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

The Court also concludes the Section 3553(a) sentencing factors weigh against any sentence reduction. The offense of conviction involved the trafficking of more than 15 kilograms of methamphetamine and the deaths of two individuals to whom Fish sold methamphetamine. The maximum sentence was life imprisonment with a 10-year mandatory minimum. The need for the sentence imposed (240 months) under Section 3553(a)(2)(A)-(C) still remains given the scale of the crime. The Court already varied downward 24 months from the bottom end of the stipulated Guideline range. Granting the Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) would undermine the Section 3553(a) factors.

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

III. **CONCLUSION**

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 706) is

**DENIED**.

    **IT IS SO ORDERED**.

Dated this 21st day of January, 2025.

                                                */s/ Daniel L. Hovland*
                                                Daniel L. Hovland, District Judge
                                                United States District Court